UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY ROSE BONNING,<br><br>                       Petitioner,<br><br>    v.<br><br>ADA COUNTY SHERIFF STEPHEN BARTLETT; GOVERNOR BRAD LITTLE; JUDGE STEVEN HIPPLER; and IDAHO DEPARTMENT OF CENTRAL DISTRICT HEALTH,<br><br>                       Respondents. | Case No. 1:21-cv-00245-BLW<br><br>**INITIAL REVIEW ORDER** |

In this habeas case, Idaho state prisoner Amy Rose Bonning ("Petitioner") has requested release from custody due to the COVID-19 pandemic under 28 U.S.C. § 2241, alleging that the conditions of her confinement violate the Constitution.[1] Specifically, Petitioner asserts that those conditions place her in danger from the COVID-19 pandemic and seeks "compassionate release." *See Compl.*, Dkt. 1, at 7.

## REVIEW OF PETITION

### 1.    Standard of Law for Review of Petition

Federal habeas corpus relief under 28 U.S.C. § 2241 is available to petitioners who show that they are in custody in violation of the Constitution, laws, or treaties of the

---

[1] Petitioner initially made the release request in a pending civil rights case brought under 42 U.S.C. § 1983. *See Bonning v. Bartlett*, No. 1:21-cv-00165-BLW (D. Idaho). Because civil rights claims and habeas claims may not be brought in the same action, the Court severed the request for release into this new, separate action under 28 U.S.C. § 2241. *See Order Severing Habeas Claim*, Dkt. 2.

INITIAL REVIEW ORDER - 1

United States. *See* 28 U.S.C. § 2241(c). In its discretion, courts may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to petitions filed under § 2241. *See* Habeas Rule 1(b). Therefore, the Court now reviews the Petition to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Habeas Rule 4.

**2.    Discussion**

Petitioner claims that the denial of bail in her state court criminal proceeding—which led to her being confined in allegedly unconstitutional jail conditions—placed her in danger from COVID-19 pandemic. *Compl.* at 6. However, this Court has already held that such claims are not cognizable—meaning they cannot be heard—in a federal habeas action. *Jackson v. City of Twin Falls*, No. 1:21-CV-00013-BLW, 2021 WL 982307, at *1 (D. Idaho Mar. 16, 2021); *Jackson v. Twin Falls Cty. Jail*, No. 1:21-cv-00017-DCN, 2021 WL 1202336, at *4 (D. Idaho Mar. 29, 2021). Instead, they may be brought only under 42 U.S.C. § 1983, the federal civil rights statute. Petitioner has such claims pending in *Bonning v. Bartlett*, No. 1:21-cv-00165-BLW (D. Idaho).

For the foregoing reasons, Petitioner's habeas claim is subject to summary dismissal as noncognizable.

**ORDER**

**IT IS ORDERED:**

1.    The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED without prejudice.

INITIAL REVIEW ORDER - 2

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: July 19, 2021

B. Lynn Winmill
U.S. District Court Judge